```
STEPHEN J. SIMONI
StephenSimoniLAW@gmail.com
```
**SIMONI CONSUMER**
      **CLASS ACTION LAW OFFICES**
```
c/o Jardim, Meisner & Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone:  (917) 621-5795
```

*Counsel for Plaintiffs
      and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**NEWARK DIVISION**

| | |
|---|---|
| JOHN SACCHI and STEPHEN SIMONI, Individually and on behalf of all others similarly situated, | Civ. No. ____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | **CLASS ACTION** |
| MDB STAFFING LLC, GUIDE PUBLICATIONS, INC., CARE ONE, LLC, and DOES 1 through 10, inclusive, | **JURY TRIAL DEMAND** |
| Defendants. | |

In or about January 2014, Defendants made countless RoboCalls to cellular telephone numbers in a desperate effort to facilitate Defendants' sale of medical and nursing services at residential facilities, which were experiencing a dire need for licensed staff due to ongoing

1

unfair labor charge investigations and litigation stemming from alleged mistreatment of Defendants' unionized workers represented by the Service Employees International Union and Defendants' efforts to prevent unionization of other workers.

The RoboCalls marketed a purported job fair at Care One, LLC's residential health care facility and solicited prospective licensed healthcare professionals to attend, without whom Defendants could not sell their healthcare services.  Defendants utilized the RoboCalls as a marketing tool, blasting pre-recorded messages indiscriminately to multiple cellular telephone numbers and thereby causing the cellular telephone numbers to incur multiple air-minute charges for the calls and for accessing the recorded calls in voice-mail storage.  Defendants used RoboCalls because it was less expensive **_for the Defendants_** than purchasing the lawful means of alternatively advertising by print, radio, billboard, Internet, and other media.

Plaintiffs John Sacchi and Stephen Simoni, Individually and on behalf of the Class defined below, bring this action for damages, restitution, statutory damages, punitive damages, sanctions, interest, court costs, attorneys' fees, and injunctive relief under rights created pursuant to federal statute under 28 U.S.C. section 1331 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of Defendants MDB Staffing LLC, Guide

Publications, Inc., Care One, LLC, and Does 1 through 10, inclusive, in contacting Plaintiffs multiple times via Plaintiffs' cellular telephone number as a means of illegal advertising (**"Marketing Calls"**) by utilization of an artificial or prerecorded voice (**"RoboCalls"**) in violation of the Telephone Consumer Protection Act, 47 U.S.C. section 227 *et seq.* (**"TCPA"**), and related claims that form part of the same case or controversy under 28 U.S.C. section 1367(a) ("Supplemental" Jurisdiction).

Plaintiffs demand a trial by jury, and complain and allege as follows:

### INTRODUCTION

1. Defendants MDB Staffing LLC, Guide Publications, Inc., and Care One, LLC together market and sell, *inter alia*, residential health services to medically compromised individuals throughout the Eastern United States seaboard. An integral component of the marketing and sale of residential health services encompasses advertising for prospective workers to provide such residential health services, without whom such sales could not occur.

2. Plaintiffs bring this action to challenge the Defendants' practices in telephone solicitations. Specifically, Plaintiffs challenge Defendants' illegal marketing calls, illegal calls to cellular telephone numbers, and illegal use of RoboCalls as a means of soliciting workers, without whom sales of residential health services could not be made.

3. All of the claims asserted herein arise out of Defendants' illegal telephone solicitation campaigns and are a common fact pattern as to each member of the Class defined below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d). This is a proposed class action involving more than one hundred (100) class members, at least one member of the putative class is a citizen of a state different from Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. Alternatively, the Court has jurisdiction because violations of a federal statute are at issue ("Federal Question Jurisdiction") along with related state law claims ("Supplemental Jurisdiction"). This Court has jurisdiction over Defendants in this action because they maintain corporate headquarters in New Jersey.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b) and (c) in that Care One, LLC maintains its headquarters in Fort Lee, New Jersey, which is within the District of New Jersey's Newark Division and a related action is pending in the Newark Division.

## THE PARTIES

6. Plaintiff John Sacchi ("**Sacchi**") is an adult male.

7. Plaintiff Stephen Simoni[1] ("**Simoni**") is an adult male.

8. Defendant MDB Staffing LLC ("**MDB Staffing**") is a limited liability corporation incorporated in the State of New Jersey that maintains its corporate headquarters in New Jersey and whose principal and Registered Agent is Michael D. Beson.

9. Defendant Guide Publications, Inc. ("**Guide Publications**") is a corporation that maintains its corporate headquarters in New Jersey and whose sole shareholder is Michael D. Beson.

---

[1] In a pending action before the Honorable Susan D. Wigenton, Sacchi v. Care One, LLC, Civ. No. 2:14-00698-SDW-SCM, Stephen Simoni ("**Simoni**") indicated during oral argument on a motion for judgment on the pleadings that he could join as a Named Plaintiff in the event Care One, LLC ("**Care One**") persisted in its strange contention that John Sacchi ("**Sacchi**"), as the individual who obtained the subject cellular number in 2005 that both he and Simoni utilize and for which Sacchi has continuously paid the bill with automatic deductions from his bank account, lacked standing to assert TCPA claims.  Because Care One has decided to pursue that contention by impermissibly filing a Rule 12(b) Motion to Dismiss (as a purported Motion for Judgment on the Pleadings that purports to reference "facts" outside the Pleadings) after it already filed its Answer and indicates that it would not consent to amendment of the Complaint in that action (despite the fact that it has failed to respond to discovery requests therein that have been outstanding since July), the instant action serves judicial economy by mooting both (i) the purported standing issue on the TCPA claims and (ii) Care One's poorly-disguised effort to file a Rule 12(b) Motion to Dismiss after having already filed an Answer.  Care One's refusal to consent to amendment of the Complaint simply succeeds in wasting the Court's resources because a motion to amend would have to be needlessly adjudicated by the Court even though the limitations period has not passed.

10.  Defendant Care One, LLC (**"Care One"**) is a corporation incorporated in the State of Delaware that maintains its corporate headquarters in New Jersey.

11.  Except as described herein, Plaintiffs are ignorant of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names.  Plaintiffs will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

12.  At all times herein mentioned, MDB Staffing, Guide Publications, Care One, and the Doe Defendants (collectively, **"Defendants"**), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13.  Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would

6

substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

14. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

**FACTUAL ALLEGATIONS**

15. In or about January 2014, Plaintiffs received multiple telephone solicitations by Defendants to Plaintiffs' cellular telephone number that Sacchi first obtained in 2005 and for which Sacchi has paid the bill by automatic bank account deductions for use of air-time minutes. Sacchi is listed as the subscriber of the subject cellular phone number, provides the cellular phone number to others as his phone number, and receives calls on that number while Simoni also provides the cellular phone number to others as his phone number and receives calls on that number.

16. The subject cellular phone number is the number that Simoni provided to the New Jersey Department of Consumer Affairs when he applied for licensure in New Jersey as a Registered Professional Nurse in 2009.

17. Neither nor both Plaintiffs consented to any of Defendants' solicitations to the subject cellular telephone number.

18. The unsolicited telephone calls were placed to Plaintiffs' cellular telephone number and utilized an "artificial or prerecorded voice" to transmit a message as prohibited by 47 U.S.C. section 227(b)(1)(B) for the purpose of advertising a purported job fair in New Jersey and soliciting attendance thereat for the purpose of facilitating sales of residential health services.

19. These telephone solicitations constituted "calls" under the TCPA that were *not* for emergency purposes.

20. Plaintiffs did *not* provide any one, more, or all Defendants, nor any agent of Defendants, prior clear and conspicuous express consent, whether in writing or otherwise, to cause one or both Plaintiffs to receive telephone calls on the subject cellular telephone number that utilized an "artificial or prerecorded voice" to transmit a message.

21. Michael D. Beson, the sole shareholder of Defendant Guide Publications and the principal of MDB Staffing, acknowledged in a sworn court filing that one, more, or all of them, *inter alia*, transmit solicitation RoboCalls for Care One to telephone numbers that are obtained "from public records for healthcare professionals from New Jersey and other states.  Before [sending the RoboCalls, the numbers are] match[ed] against the do-not-call registry, [in order to] screen out those numbers listed on the registry."

22. The purported "screen[ing]" process that is detailed *supra* paragraph 21, even if followed by Guide

Publications and MDB Staffing, results in countless illegal TCPA violations because RoboCalls are banned to cellular telephone numbers without prior clear and conspicuous express consent, whether in writing or otherwise, ***even if the cellular telephone numbers are not registered on a do-not-call registry*** because cellular telephone numbers incur air-time minute charges for (i) incoming RoboCalls and (ii) accessing voice-mail messages of recorded RoboCalls.

23.  Upon information and belief, Guide Publications, MDB Staffing, and Care One use cellular telephone numbers for marketing campaigns that they obtained from numerous sources including, *inter alia*, state databases of licensed healthcare professionals, websites visited by healthcare professionals, subscribers to professional healthcare periodicals, members of healthcare professional unions, and alumni lists of healthcare educational programs, which result in Defendants sending illegal RoboCalls to cellular telephone numbers without prior clear and conspicuous express consent of the intended recipients nor of the individuals who paid the charges for those calls.

24.  Care One has worked with Guide Publications and MDB Staffing for ten years and Defendants together formulated the marketing plan and making of the RoboCalls in January 2014.  Care One therefore knew, or should have known, that RoboCalls would thereby be made to cellular telephone numbers of subscribers, intended and actual recipients, and/or others who paid the cellular phone air-time minute charges for calls made to those numbers (and

calls made to access the voice-mail recordings of those RoboCalls), who had **not** provided prior clear and conspicuous express consent to the calls.

25. Neither nor both Plaintiffs had consented to the calls.[2]

26. The calls violated the TCPA.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions. The Class is defined as follows:

> All individuals who within the past four years (i) received one or more RoboCalls on a cellular telephone number (and/or accessed the voice-mail recording(s) thereof) from one or more Defendants without prior express consent and in the absence of

---

[2] In a related action, Guide Publications asserted that it sent electronic-mail messages to Simoni before the subject RoboCalls and claimed that it had received the subject cellular telephone number at a Guide Publications job fair "in February 2013, or earlier." In fact, Simoni lived in California in February 2013, has not worked as a nurse in New Jersey since 2010, and has never attended a Guide Publications job fair. The January 2014 calls, moreover, were the only RoboCalls Simoni recalls receiving for any job fair. Despite repeated requests, no substantiation of any purported prior clear and conspicuous express consent to call the subject cellular telephone number was provided, which has lead to the conclusion that Defendants "mined" the subject cellular telephone number from the New Jersey database of Registered Professional Nurses.

10

an emergency, (ii) were the intended recipient of one or more RoboCalls on a cellular telephone number from one or more Defendants without prior express consent and in the absence of an emergency, (iii) were listed as the subscriber for the cellular telephone number that received one or more RoboCalls from one or more Defendants without prior express consent and in the absence of an emergency, and/or (iv) pay the bill for a cellular telephone number that received one or more RoboCalls from one or more Defendants without prior express consent and in the absence of an emergency.  Excluded from the Class are: (1) employees of the Defendants, including their officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

28.  Plaintiffs do not know the exact number of Class members because such information is in the exclusive control of the Defendants.  However, Plaintiffs believe that due to the nature of the trade and commerce involved, Class members are sufficiently numerous, most likely thousands of consumers, and geographically dispersed throughout the United States, and that joinder of all Class members is impracticable.  The information as to the identity of the Class members can be readily determined from records maintained by the Defendants, because telephone calls are recorded in Defendants' billing

statements provided by third-party communications carriers, as well as from general public notification.

29. Plaintiffs' claims are typical of, and not antagonistic to, the claims of the other Class members because Plaintiffs were injured by Defendants' practices and by asserting their claims, Plaintiffs will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

30. The common legal and factual questions which do not vary from Class member to Class member, and which may be determined without reference to individual circumstances of any Class member, include, but are not limited to, the following:

    a. Did Defendants' RoboCalls violate the TCPA?

    b. What is the appropriate measure of damages for Defendants' TCPA violations?

    c. Were Defendants unjustly enriched by utilizing the illegal RoboCalls rather than the more expensive, but lawful, means of advertising by print, radio, billboard, and Internet? and

    d. Are Plaintiffs and the Class Members entitled to the injunctive and equitable relief requested herein?

31. These common questions and others predominate over questions, if any, that affect only individual members of the Class.

32. The claims of the representative Plaintiffs are typical of the claims of the Class and encompass intended recipients and actual recipients of the RoboCalls, subscribers of the called cellular telephone numbers, and individuals who pays the bill for the cellular telephone number. There are no material conflicts with any other member of the Class that would make class certification inappropriate. Plaintiffs and counsel will fairly and adequately represent the interests of the Class.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

34. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay

and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.

35. Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

36. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
(Violations of the TCPA "RoboCall"
Prohibition, 47 U.S.C. sec. 227 et seq.)

37. Plaintiffs incorporate and reallege, as though fully set forth herein, each of the paragraphs above.

38. As a result of Defendants', and Defendants' agents, violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiffs seek for themselves and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3)(B).

39. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiffs seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
(Knowing and/or Willful Violations of the
TCPA "RoboCall" Prohibition, 47 U.S.C. sec. 227 *et seq.*)

40. Plaintiffs incorporate and reallege, as though fully set forth herein, each of the paragraphs above.

41. As a result of Defendants', and Defendants' agents, knowing and/or willful violations of 47 U.S.C. sec. 227(b)(1)(B), Plaintiffs seek for themselves and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(b)(3).

42. Pursuant to 47 U.S.C. sec. 227(b)(3)(A), Plaintiffs seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**PRAYER FOR RELIEF**

1. Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2. Statutory damages;

3. Compensatory, general, incidental, and consequential damages according to proof;

4. Special damages according to proof;

5. Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

6. Restitution and disgorgement according to proof;

15

    7.    Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

    8.    Prejudgment interest at the maximum legal rate;

    9.    Costs of the proceedings herein;

    10.   Reasonable attorneys' fees; and

    11.   All such other and further relief as the Court deems just.

Dated:  November 14, 2014       Respectfully submitted,

By: __/s/_Stephen J. Simoni_
    STEPHEN J. SIMONI
StephenSimoniLAW@gmail.com
**SIMONI CONSUMER**
    **CLASS ACTION LAW OFFICES**
c/o Jardim, Meisner &
    Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone:  (917) 621-5795

*Counsel for Plaintiffs*
  *and the Proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs on behalf of themselves and all others similarly situated hereby request a jury trial on all claims so triable.

Dated: November 14, 2014     Respectfully submitted,


By: _/s/_Stephen J. Simoni__
    STEPHEN J. SIMONI
StephenSimoniLAW@gmail.com
**SIMONI CONSUMER
    CLASS ACTION LAW OFFICES**
c/o Jardim, Meisner &
    Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone: (917) 621-5795

*Counsel for Plaintiffs
    and the Proposed Class*